Ann E. Elyea *et al.*, administrators, plaintiffs in error, *vs.* Thomas D. Williamson, defendant in error.

[Bleckley, Judge, having been of counsel, did not preside.]

A deputy marshal of the United States cannot be sued for a neglect of official duty. Such actions should be against the marshal.

Actions. Officers. Marshals. Deputy. Before Judge Peeples. Fulton Superior Court. October Term, 1876.

Reported in the decision.

Henry Hillyer, for plaintiffs in error.

A. W. Hammond & Son, for defendant.

Warner, Chief Justice.

The plaintiff brought his action against the defendants, to recover the proceeds of certain tobacco, which he alleged had been seized by the defendants' intestate as a United States deputy marshal, for a violation of the United States revenue laws. Pending the litigation as to the legality of the seizure of the tobacco, by consent, an order of the court was obtained, ordering the tobacco to be sold, and the proceeds paid into the hands of the register of the court, to abide the result of the investigation as to whether the tobacco was subject to be forfeited. On the trial of that issue on the 26th of May, 1871, there was a verdict of non-forfeiture of the tobacco, and on the same day an order was passed for the payment of $929.60, the proceeds of the tobacco, to Williamson, the plaintiff. It appears from the evidence in the record, that the defendants' intestate as deputy marshal, did not pay into the hands of the register the proceeds of the sale of the tobacco as he was ordered to do, but retained it in his own hands, and for the recovery of which the plaintiff's action was brought. On the trial of the case, the defendants made a motion for a non-

suit, which was overruled by the court, and they excepted. The defendants also excepted to the ruling out of the evidence of Smith and Gillespie by the court, as set forth in the record. The jury found a verdict in favor of the plaintiff for $670.16.

The main controlling question in the case, is whether the plaintiff was entitled to maintain his action against the defendants' intestate as deputy marshal, on the statement of facts contained in the record? By the common law an action could not be maintained directly against a deputy or under-sheriff, for a breach of duty of the office of sheriff, but must have been brought against the sheriff, though the default was occasioned by the act of the deputy or under-sheriff. Cameron *vs.* Reynolds, 1st Cowper's Rep. 438. Crocker on Sheriffs, section 19. It required a statute in this state to authorize a deputy or under-sheriff to be sued by the party aggrieved, for a breach of official duty. See Code, section 3948. By the acts of congress, of 1795 and 1861, the marshals of the several districts, and their deputies, have the same powers in executing the laws of the United States as sheriffs and their deputies in the several states have, by law, in executing the laws of the respective states. Revised Statutes United States, section 788. There is no statute of the United States, that we have been able to find, which authorizes a deputy marshal to be sued for a breach of official duty. The acts of 1795 and 1861, before cited, do not confer any such authority. The liability of the marshal to be sued for a breach of official duty occasioned by himself or deputy, is the same as that of sheriff by the common law, so far as we can discover. It was insisted, on the argument for the defendant in error, that he found his money in the hands of the intestate of the plaintiffs in error, and was entitled to recover it unless he could show that he had paid it over to the marshal, his principal. But the evidence at the trial showed that he had received the money in his official capacity as deputy marshal, and that it was a breach of official duty in not paying over the pro-

ceeds of the sale of the tobacco to the register of the court, as the order of the court required him to do. The evidence at the trial, disclosed the fact that the money in the hands of the defendants' intestate, had been received by him in his official capacity as deputy marshal, and that it was a breach of official duty in not paying the money over to the register, under the order of the court, for which the marshal was liable, and there being no legal authority to sue the defendants' intestate, as deputy marshal, for a breach of that official duty, the court erred in overruling the defendants' motion for a non-suit on the statement of facts contained in the record.

Whether a United States marshal is liable to be sued in a state court for a breach of duty in not obeying the orders of a district court of the United States, requiring him to pay over money to the register of that court, we express no opinion. The view which we have taken of the main question in this case, renders it unnecessary to express any opinion in regard to the exceptions ruling out the testimony of Smith and Gillespie.

Let the judgment of the court below be reversed.